IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES LAMBERT, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:16-cv-02783-STA-egb |
| GRADY PERRY, | ) | |
| Respondent. | ) | |

ORDER DENYING MOTION FOR COUNSEL,
GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS,
GRANTING LEAVE TO FILE AMENDED PETITION,
AND
DIRECTING CLERK TO SEND FORM

On September 29, 2016, Petitioner, James Lambert, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) Before the Court is Petitioner's second motion for appointment of counsel (ECF No. 10), as well as the motion of Respondent, Grady Perry, to dismiss the Petition with prejudice (ECF No. 15). For the following reasons, the motion for appointment of counsel is **DENIED** and the motion to dismiss is **GRANTED** in part and **DENIED** in part.

## DISCUSSION

**I.  Motion to Dismiss**

On February 17, 2017, Respondent filed a motion to dismiss the Petition as untimely. (ECF No. 15.) Petitioner opposes dismissal, arguing that equitable tolling of the limitations period is warranted. (ECF No. 16.)

1

A defendant may raise a statute of limitations affirmative defense "'on a motion to dismiss under Rule 12(b)(6) when it is apparent from the face of the complaint that the time limit for bringing the claim has passed.'" *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992) (quoting 5 Wright and Miller, *Federal Practice and Procedure,* § 1308, p. 695 (West 1990)). In ruling on a 12(b)(6) motion, a court may consider "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

A § 2254 petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending . . . ." 28 U.S.C. § 2244(d)(2). The § 2254 limitations period is also subject to "equitable tolling." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling has the burden of demonstrating that he

has been "pursuing his rights diligently" and that "some extraordinary circumstance stood in his way and prevented [a] timely filing." *Id.* at 649 (internal quotation marks omitted).

In this case, § 2244(d)(1)(A) applies. The statute of limitations for Lambert's federal habeas claims thus began to run from the date on which his judgment of conviction became final, and was tolled during the pendency of his state post-conviction proceedings. Dates set forth in the Petition and appearing in the state-court record demonstrate that Petitioner's one-year limitations period for seeking federal habeas relief expired more than 200 days before he placed the Petition into the prison mail system on September 28, 2016.[1] (*See* Pet., ECF No. 1 at 12.)

Lambert does not dispute that the Petition is untimely, but argues that he is entitled to equitable tolling. Specifically, he alleges that he was unable to file the Petition before the limitations period expired because he was without his legal materials for a period of time, has trouble reading, and cannot write. (ECF No. 16 at 1-3.) If true, those circumstances might warrant equitable tolling. *See e.g., Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (holding that petitioner was entitled to equitable tolling where he was separated from his legal materials for a period of time and was "partially illiterate").

Petitioner's equitable tolling allegations do not save his Petition from dismissal. Although Paragraph 18 of the Court's official habeas form required Lambert to explain why the late filing should be excused, he provided no such explanation. (*See* ECF No. 1 at 12.) His equitable tolling allegations appear only in his brief in opposition to the motion to dismiss and, thus, are "not properly before the court on . . . [the] 12(b)(6)" motion. *Turman v. Commonwealth*

---

[1] Respondent calculates a different number of days than does the Court, but the discrepancy is irrelevant. Under either calculation, the Petition was filed more than 200 days late.

3

*Edison Co.*, No. 86 C 136, 1986 WL 5018, at *2 (N.D. Ill. Apr. 22, 1986) (in context of 12(b)(6) motion, declining to consider equitable tolling allegations that were not raised in the complaint). Dismissal of the Petition is therefore proper. *See id.* at *1, 2 (dismissing complaint as untimely where equitable tolling allegations were set forth in plaintiff's brief in opposition to motion to dismiss but were not set forth in the complaint); *Kyles v. Staff Mgmt., Inc.*, No. 01 C 8697, 2002 WL 31133176, at *1 (N.D. Ill. July 30, 2002) (granting motion to dismiss complaint as untimely, noting that the "factual claims" relating to equitable tolling, which the *pro se* plaintiff raised in her brief in opposition to the motion to dismiss, "were not included in the complaint and therefore [would not] be considered by the court on [the] motion to dismiss pursuant to Rule 12(b)(6)").

The Court declines, however, to dismiss the Petition with prejudice, as Respondent requests. The "better procedure" is to dismiss the Petition with leave to amend to allow Petitioner an opportunity to add his factual allegations relating to equitable tolling. *Turman*, 1986 WL 5018, at *3, n.1 (dismissing *pro se* complaint as untimely, but granting plaintiff leave to amend to "set[] forth the facts relating to [his] failure to timely file"); *see also Kyles*, 2002 WL 31133176, at *1 (dismissing complaint, but granting leave to amend to add equitable tolling allegations).

The Petition is therefore **DISMISSED** without prejudice. Petitioner is granted leave to file an amended petition within 60 days of the entry-date of this order. At Paragraph 18 of the amended petition form, Lambert shall provide factual details about when and why he was without access to his legal materials, how his limited literacy caused him to file his Petition late, and his efforts to overcome these limitations and file on time. Petitioner's failure to file an

4

amended petition will result in dismissal of the Petition with prejudice and without further notice.[2]

If Lambert files an amended petition, the State must file a response within 30 days. The response may take the form of a motion to dismiss, if appropriate (*see Smith v. Parris*, No. 14-cv-1082, 2015 WL 430173, at *3 (W.D. Tenn. Feb. 2, 2015) (granting Rule 12(b)(6) motion where, as a matter of law, the allegations of the complaint, accepted as true, did not entitled plaintiff to application of equitable tolling)); a motion for summary judgment supported by relevant declarations or affidavits, *see* FED. R. CIV. P. 56; or an answer pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Petitioner may file a reply within 45 days of service of the response.

## II.    Motion for Appointment of Counsel

On October 19, 2016, Petitioner filed his first motion for appointment of counsel. (ECF No. 5.) The Court denied the motion on the ground that the circumstances Petitioner alleged were common to most prisoners. (ECF No. 7 at 2.) Petitioner's second motion for counsel, which is now before the Court, alleges that he is "functionally illiterate and is unable to read or comprehend the documents or the law in this matter as he only has a sixth grade education." (ECF No. 10 at 2.)

The second motion for counsel was prepared by a fellow inmate who is assigned to help prisoners in their legal matters. (*Id.* at 2; ECF No. 10-1 at 1.) The legal aide submitted his own declaration in support of the motion. The aide avers that in his dealings with Petitioner, he has observed that his "reading skills are very limited," and that "he cannot understand most of what he reads." (ECF No. 10-1 at 1-2.) The inmate opines that "Mr. Lambert lacks the necessary

---

[2] The Clerk is **DIRECTED** to send an amended petition form to Petitioner.

basic academic skills to represent himself in this action." (*Id.* at 2.) The state post-conviction record suggests that Petitioner has limited reading skills and cannot write. (*See* Lambert Test., P-C Trans., ECF No. 14-9 at 56.)

Appointment of counsel for an indigent petitioner is mandatory "[i]f an evidentiary hearing is warranted." Habeas Rule 8(c). Appointment is also "required . . . where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citing 18 U.S.C. § 3006(A)(g)); *see also* 18 U.S. C. § (a)(2) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section ... 2254 ... of title 28"). The determination of whether the interests of justice or due process require the appointment of counsel is left to the sound discretion of the court. *Mira*, 806 F.2d at 638. Factors to be considered by the court include the legal and factual complexity of the case and the petitioner's "ability to investigate and present his claims." *Thomas v. Morgan*, No. 2:04-cv-02231-JDB-dbv, 2016 WL 1030153, at *6 (W.D. Tenn. Mar. 10, 2016) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).

The record, here, supports Lambert's claim that he has trouble reading and cannot write. Although the Court is sympathetic to Petitioner's situation, appointment of counsel is not warranted at this time. With the help of the prison legal aide, Petitioner has prepared and submitted the following cogent documents: the Petition, two motions for counsel, a brief in support of the second motion for counsel, and a brief in opposition to the motion to dismiss. The record thus demonstrates that Lambert's limitations have not prevented him from presenting his claims and his arguments. *See Flores v. Holloway*, No. 3:17-CV-00246, 2017 WL 2812908, at *2 (M.D. Tenn. June 29, 2017) (denying motion for appointment of counsel where the petitioner

had "access to an inmate legal helper or a translator who c[ould] read and write English, and the Petitioner [was] clearly able to communicate with the helper or translator").

Going forward, Petitioner's preparation of the amended petition will not require any special expertise or legal skills; the facts relating to equitable tolling should arise from Petitioner's own recollections of the impediments he believes prevented him from filing the Petition on time, and his efforts to overcome them. Recognizing that he will need the help of the legal aide to present those facts in writing, the Court has allowed Lambert an extended period of time to prepare and file the amended petition, as well as extra time to file a reply to any response or motion the State may file. Additionally, no evidentiary hearing is warranted at this juncture. Should Petitioner require the assistance of an attorney in the future, he may file a renewed motion for appointment of counsel, or the Court may appoint one *sua sponte*.

Accordingly, the second motion for counsel is **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 27, 2017.